FILED

OCT 21 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                    )      Case No. 06-24187-A-7
                                         )
SHARON STALLWORTH,                       )
                                         )
                                         )
            Debtor.                      )
                                         )
_____ )
                                         )
SHARON STALLWORTH,                       )      Adv. No. 08-2186
                                         )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )
                                         )
PIONEER CREDIT RECOVERY, INC.,           )      Date: October 21, 2008
et al.,                                  )      Time: 9:30 a.m.
                                         )
                                         )
            Defendant.                   )
                                         )
_____ )

**MEMORANDUM**

The debtor and plaintiff, Sharon Stallworth, commenced this
adversary proceeding to accomplish two things.  First, she sought
to discharge a student loan owed to defendant U.S. Dept. of
Education pursuant to 11 U.S.C. § 523(a)(8).  Second, she wished
to amend her schedules to list previously omitted unsecured
creditors to her schedules and to discharge those claims.

As to the discharge of the student loan, plaintiff and
defendant U.S. Dept. of Education have stipulated to a judgment
discharging the student loan.  That judgment was entered on
August 22, 2008.

18

1    As to the request to amend the schedules to include

2 previously omitted unsecured claims, none of these creditors have

3 answered the complaint.  However, CMRE Financial Services, which

4 is collecting a debt owed to Sutter E.R. Medical Associates,

5 appeared at trial.

6    Plaintiff's chapter 7 petition was filed on October 16,

7 2006.  The notice of the meeting of creditors informed the

8 creditors whether this was a "no-asset" case.  Accordingly,

9 creditors were instructed to not file proofs of claim.

10    The trustee filed a report of "no distribution," meaning

11 that he had located no nonexempt assets that could be liquidated

12 for the benefit of creditors.  Accordingly, no dividend was paid

13 to creditors.  The trustee's report was approved without

14 objection and the case was closed.  Plaintiff received her

15 chapter 7 discharge on February 27, 2007.

16    The underlying chapter 7 case, then, was a "no-asset, no-

17 bar-date-case."  Creditors holding claims otherwise dischargeable

18 had their claims discharged even though their claims were not

19 scheduled and even though the omitted creditors had no notice of

20 the case.  See 11 U.S.C. § 727(b); Beezley v. California Land

21 Title Co. (In re Beezley), 994 F.2d 1433 (9th Cir. 1993); White

22 v. Nielsen (In re Nielsen), 383 F.3d 922, 925 (9th Cir. 2004).

23 It is unnecessary to reopen the chapter 7 case and amend the

24 schedules in order to discharge the claims of the omitted

25 creditors.

26    If any of the omitted creditors' claims could have been

27 excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or

28 (a)(6), such omitted creditor may not have been aware of the

-2-

deadline for filing a complaint under sections 523(a)(2), (a)(4),
or (a)(6).  See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(b).
Therefore, unless such an omitted creditor had actual knowledge
that the petition had been filed in time to file a timely
dischargeability complaint, the failure to initially schedule the
claim may mean it is nondischargeable.  See 11 U.S.C. §
523(a)(3)(B).

In short, seeking leave to amend the schedules will have no
effect whatever.  It was unnecessary for plaintiff to amend the
schedules -- if the claims of the omitted creditors were
otherwise dischargeable by a chapter 7 discharge, they were
discharged even though those creditors were omitted from the
schedules.

If an omitted creditor wishes a determination that its claim
is made nondischargeable by section 523(a)(3)(B), it must
commence an adversary proceeding.  See In re Costa, 172 B.R. 954
(Bankr. E.D. Cal. 1994).  In connection such an adversary
proceeding, two questions must be determined.  Did the omitted
creditor have actual notice of the bankruptcy filing in
sufficient time to file a timely dischargeability complaint?  See
Fed. R. Bankr. P. 4007(c).  And, if there was no actual notice of
the petition, is the omitted creditor's claim nondischargeable
under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1]  If the omitted

---

[1]    If an omitted creditor is claiming the debts are non-
dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16),
(17), the creditors cannot be prejudiced by the omission of their
claim in a "no asset" case.  Unlike section 523(a)(2),(4) or (6),
there is no deadline for the filing of such dischargeability
complaints and nonbankruptcy courts may determine whether the
debts fall into the exceptions enumerated in section 523(a)(1),

1  creditor had actual notice in sufficient time to file an

2  adversary proceeding pursuant to sections 523(a)(2), (a)(4), or

3  (a)(6), or if it did not have such notice but its claim is not

4  excepted from discharge by sections 523(a)(2), (a)(4), or (a)(6),

5  it will not prevail against the debtor.

6      Because this was a "no-asset, no bar date" case, the

7  unscheduled claims of the omitted creditors named as defendants

8  were discharged unless they are made nondischargeable under

9  sections 523(a)(3)(B).  To obtain a declaration that an omitted

10 claim is made nondischargeable by section 523(a)(3)(B), the

11 omitted creditor must file, serve, and prevail in an adversary

12 proceeding.  None of them have requested such relief as a

13 counterclaim in this adversary proceeding or in a separate

14 adversary proceeding.

15     Accordingly, further relief is unnecessary.  If the

16 remaining defendants hold claims arising before the filing of

17 plaintiff's chapter 7 petition on October 16, 2006, their claims

18 were covered by her February 28, 2007 discharge even though they

19 were omitted from the schedules.  Plaintiff does not need to

20 amend her bankruptcy schedules in order to include these claims

21 in her discharge.

22 Dated: 21 Oct. 2008

                      By the Court

24

25                       Michael S. McManus
                      United States Bankruptcy Court

27 _____

28 (5), (7)-(15), (16), (17).  11 U.S.C. § 523(c)(1); Fed. R. Bankr.
P. 4007(c).

1

**CERTIFICATE OF MAILING**

2       I, Susan C. Cox, in the performance of my duties as a

3   judicial assistant to the Honorable Michael S. McManus, mailed by

4   ordinary mail to each of the parties named below a true copy of

5   the attached document.

6   Ana Martel
    501 I St #10-100
7   Sacramento, CA 95814

8   Franklin Love
    125 S Citrus Ave #101
9   Covina, CA 91723

10  Sharon Stallworth
    148 Olmstead Dr
11  Sacramento, CA 95838

12  Dated: October 21, 2008

13

                                    _Susan C. Cox_
14                                  Susan C. Cox
                                    Judicial Assistant to Judge McManus
15

16

17

18

19

20

21

22

23

24

25

26

27

28